| | |
|---|---|
| ISMAIL J. RAMSEY (CABN 189820)<br>United States Attorney<br><br>THOMAS A. COLTHURST (CABN 99493)<br>Chief, Criminal Division<br><br>STEPHEN MEYER (CABN 263954)<br>Assistant United States Attorney<br><br>150 Almaden Boulevard, Suite 900<br>San Jose, California 95113<br>Telephone: (408) 535-5037<br>Stephen.meyer@usdoj.gov<br><br>Attorneys for United States of America | **FILED**<br><br>Jul 14 2023<br><br>Mark B. Busby<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN JOSE |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JONATHAN MICHAEL CASH,<br><br>   Defendant. | CASE NO. **CR 23-71039-MAG**<br><br>NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on July 14, 2023, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

☐   Indictment

☐   Information

■   Criminal Complaint

☐   Other (describe) _____

pending in the Central District of California, Case Number 2:23-MJ-03490.

In that case, the defendant is charged with the following violation of federal law, which remains pending:

18 U.S.C. 2422(b) – Using a Means of Intestate Commerce to Persuade, Induce, Entice, or Coerce a Minor to Engage in Criminal Sexual Activity

The maximum penalties are as follows:

life imprisonment (minimum of 10 years imprisonment)

Five years of supervised release

$250,000 fine

$100 Special Assessment

Respectfully Submitted,

ISMAIL J. RAMSEY
United States Attorney

Date: July 14, 2023

      /s/
STEPHEN MEYER
Assistant United States Attorney

v. 7/10/2018

AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
для
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
7/12/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____TV_____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
07/12/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____KL_____ DEPUTY

United States of America

v.

JONATHAN MICHAEL CASH,

Defendant(s)

Case No. 2:23-mj-03490

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between on or about the date(s) of July 24, 2022 and September 20, 2022, in the county of Santa Barbara in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Using a Means of Interstate Commerce to Persuade, Induce, Entice, or Coerce a Minor to Engage in Criminal Sexual Activity |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Davis Mendelsohn
Complainant's signature

Davis Mendelsohn, HSI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: July 12, 2023

Alicia G. Rosenberg
Judge's signature

City and state: Los Angeles, California

Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
Printed name and title

AUSA: Sara Vargas

**AFFIDAVIT**

I, Davis Mendelsohn, being duly sworn, declare and state as follows:

## I.  PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for JONATHAN MICHAEL CASH ("CASH"), date of birth February 18, 1993, for a violation of 18 U.S.C. § 2422(b) (Using a Means of Interstate Commerce to Persuade, Induce, Entice, or Coerce a Minor to Engage in Criminal Sexual Activity) (the "SUBJECT OFFENSE").

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, all amounts or sums are approximate, and all dates and times are on or about those indicated.

## II. BACKGROUND OF AFFIANT

3. I have been a Special Agent with Homeland Security Investigations ("HSI"), the investigative component of the United States Department of Homeland Security's Immigration and Customs Enforcement, since January 2019. I am currently assigned to HSI's Office of the Resident Agent in Charge in Monterey,

1

California.  As part of my daily duties, I investigate violations of federal laws related to the sexual exploitation of children.  Prior to my employment with HSI, beginning in June 2016, I was a sworn investigator with the California Department of Motor Vehicles ("DMV").  While employed with the DMV, I conducted investigations related to a variety of criminal and administrative offenses.

4.   Throughout my law enforcement career, I have received training on conducting criminal investigations, search and seizure laws, and writing probable cause affidavits.  In 2017, I completed a 24-week-long basic police academy in California, and in 2019, I completed the Criminal Investigator Training Program and HSI Special Agent Training program, a total of 26 weeks of training, at the Federal Law Enforcement Training Center in Brunswick, Georgia.  Since becoming a federal law enforcement officer, I have written probable cause affidavits in support of multiple federal search warrants and complaints for cases involving the sexual exploitation of children.

III.  **SUMMARY OF PROBABLE CAUSE**

5.   In late 2022, at the time CASH was a registered sex offender on parole for having sexually assaulted two underage family members, CASH used Snapchat to communicate with a 12-year-old girl ("Victim 1").  In these conversations, CASH requested child sexual abuse material ("CSAM") from Victim 1, made sexual advances on Victim 1, and described the sexual acts he wanted to perform on her.  During these communications, CASH

2

was located in Santa Maria, California, a city within the Central District of California.

### IV. TRAINING AND EXPERIENCE ON CHILD EXPLOITATION OFFENSES, COMPUTERS, THE WORLDWIDE INTERNET COMPUTER COMMUNICATION NETWORK, AND DEFINITION OF TERMS

6.  In this affidavit, the terms "minor," "sexually explicit conduct," "visual depiction," "producing," and "child pornography" (referred to collectively as "CSAM" throughout this affidavit) are defined as set forth in 18 U.S.C. § 2256. The term "computer" is defined as set forth in 18 U.S.C. § 1030(e)(1).

7.  Based upon my training and experience in the investigation of CSAM, and information related to me by other law enforcement officers involved in the investigation of CSAM, I know the following information about the use of computers with CSAM:

8.  <u>Internet</u>. The term "Internet" is defined as the worldwide network of computers -- a noncommercial, self-governing network devoted mostly to communication and research with roughly 500 million users worldwide. The Internet is not an online service and has no real central hub. It is a collection of tens of thousands of computer networks, online services, and single user components. In order to access the Internet, an individual computer user must use an access provider, such as a university, employer, or commercial Internet Service Provider ("ISP"), which operates a host computer with direct access to the Internet.

3

9. <u>Internet Service Providers</u>.  Individuals and businesses obtain access to the Internet through ISPs.  ISPs provide their customers with access to the Internet using telephone or other telecommunications lines; provide Internet e-mail accounts that allow users to communicate with other Internet users by sending and receiving electronic messages through the ISPs' servers; remotely store electronic files on their customer's behalf; and may provide other services unique to each particular ISP.  ISPs maintain records pertaining to the individuals or businesses that have subscriber accounts with them.  Those records often include identifying and billing information, account access information in the form of log files, e-mail transaction information, posting information, account application information, and other information both in computer data and written record format.

10. <u>IP Addresses</u>.  An Internet Protocol address ("IP Address") is a unique numeric address used to connect to the Internet.  An IPv4 IP Address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  In simple terms, one computer in a home may connect directly to the Internet with an IP Address assigned by an ISP.  What is now more typical is that one home may connect to the Internet using multiple digital devices simultaneously, including laptops, tablets, smart phones, smart televisions, and gaming systems, by way of example.  Because the home subscriber typically only has one Internet connection and is only assigned one IP Address at a time by their ISP, multiple devices in a home are connected to

4

the Internet via a router or hub.  Internet activity from every device attached to the router or hub is utilizing the same external IP Address assigned by the ISP.  The router or hub "routes" Internet traffic so that it reaches the proper device.  Most ISPs control a range of IP Addresses.  The IP Address for a user may be relatively static, meaning it is assigned to the same subscriber for long periods of time, or dynamic, meaning that the IP Address is only assigned for the duration of that online session.  Most ISPs maintain records of which subscriber was assigned which IP Address during an online session.

    11.  VPN, or "Virtual Private Network."  A Virtual Private Network adds security and anonymity to users when they connect to web-based services and sites.  A VPN hides the user's actual public IP address and "tunnels" traffic between the user's device and the remote server.  Many users sign up for a VPN service online anonymity to avoid being tracked.

    12.  Snapchat.  Snapchat, owned by Snap Inc., is an Internet-based multimedia messaging application used on smartphones.  Snapchat allows its users to establish accounts with Snapchat, and users can then use their accounts to share written messages, photographs, videos, and other information with other Snapchat users.  Snapchat askes users to provide basic contact information and personal identifying information to Snap Inc.  This information may include a user's email address and phone number.  Snapchat users can decide on their own usernames, and can re-name themselves without changing their other basic account information or creating a new account.

5

Snap, Inc. retains IP addresses associated with Snapchat account activity.

## V. STATEMENT OF PROBABLE CAUSE

13. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

### A. Relevant Background on CASH

14. In 2013, CASH was arrested and later convicted of sexually assaulting two underage members of his immediate family. He was sentenced to a term of imprisonment, served a portion of that sentence, and was released on parole in June 2021. CASH has since been required to register as a sex offender.

15. In October 2022, a parent reported to law enforcement that CASH used social media to contact her 12-year-old daughter (the "Uncharged Victim"), exchange sexualized messages with the Uncharged Victim, and request naked photographs of her. When an officer interviewed the Uncharged Victim, she said CASH asked for a picture of her vagina. As a result of this report and the investigation that followed, in February 2023, the Honorable Susan van Keulen, United States Magistrate Judge for the Northern District of California, issued a warrant to search CASH's person, digital devices, and residence. After the warrants' execution, CASH was arrested for parole violations, including contacting a minor female and using social media. CASH remained in jail pursuant to his parole violation until on or about April 29, 2023.

**B.     CASH's Criminal Involvement with Victim 1**

16.     In April 2023, the Honorable Alka Sagar, United States Magistrate Judge for the Central District of California, issued a warrant to search numerous Snapchat accounts, including accounts I believe were operated by CASH.  Based on information provided by Snap Inc., one of the accounts (the "Subject Account") had the username "corneal0" until August 2022, at which point its username changed to "meowofdeath0."[1]  From at least July 2022 to September 2022, CASH, using the Subject Account, carried on a months-long exchange with a 12-year-old girl later identified as Victim 1.  The Subject Account also had saved a photograph of Victim 1's face.

   a.    I believe CASH operated the Subject Account and communicated with Victim 1 while he was located within the Central District of California based on the following facts:

       i.    According to Snapchat records, from April 18, 2022, until December 3, 2022, the Subject Account used an IP address ending in 283 (the "238 IP Address").  Based on my review of records from Comcast (the provider for the 238 IP Address during this time), the service address for the 238 IP Address was a specific sober living facility in Santa Maria, California, within the Central District of California.

   b.    I believe CASH was the person operating the Subject Account when communicating with Victim 1 based on the following information:

---

[1] As noted above, I know from my training and experience that a Snapchat user can change their username, sometimes called a "handle," without creating a new account.

7

i. I spoke with the executive director of the facility associated with the 238 IP Address and confirmed that CASH participated in one of their programs from June 17, 2021, until December 14, 2021, then continued to pay rent for a time thereafter. Parole records show CASH lived at the facility from June 14, 2021, through December 4, 2022 — the period encompassing the Subject Account's Snapchat communications with Victim 1. From my review of CASH's parole location data obtained from an ankle monitor CASH wore, I know CASH left this location on December 4, 2022.

ii. The Subject Account appeared to use the 238 IP Address to access the Internet on September 10, 2022, at 00:21:52 UTC,[2] within an hour of when Snapchat records show that CASH sent many of the Snapchat messages referenced below in paragraph 17. Parole location data obtained from CASH's ankle monitor shows CASH at the aforementioned facility – the service address of the 238 IP Address — on September 10, 2022, at 00:21:45 UTC, as well as when CASH sent the messages to Victim 1 discussed below;

iii. CASH used the username "Corneal" to communicate with the 12-year-old Uncharged Victim whose mother reported CASH's conduct in October 2022, discussed above at paragraph 15. This is similar to the "corneal0" username of the Subject Account CASH used to communicate with Victim 1; and

---

[2] "UTC" stands for "Coordinated Universal Time" and is 7 hours ahead of Pacific Daylight Time, the time zone observed in September 2022. Accordingly, 12:21 a.m. (or 00:21:52) UTC on September 10, 2022 was 5:21 p.m. PDT on September 9, 2022.

8

    iv. Another minor victim in this investigation stated CASH's Snapchat username contained the word "meow" in it, similar to his "meowofdeath0" username, which was the second username associated with the Subject Account.

17. Between July 24, 2022, and September 20, 2022, CASH exchanged hundreds of Snapchat messages with Victim 1.  During those communications, Victim 1 told CASH she was "almost 13."  CASH lied to Victim 1 and wrote he was 16 years old when he was, in fact, 29 years old at the time.  CASH also made numerous statements that rise to the level of enticement of a minor, in violation of 18 U.S.C. § 2422(b):

    a. On August 13, 2022, CASH wrote: "Wait, even tho I'm super sus,³ and want to see u without a shirt? And want to have you do that 'one thing' on call with me agin? But with me helping you by saying sus stuff when u do it?"

    b. On September 9, 2022, CASH and Victim 1 had the following exchange, in substance and in part:

| | |
|---|---|
| **CASH:** | The last time we were on call when my data went out... right before you 🫨 💫 |
| **CASH:** | You were being a very Good Girl.. I mean friend and letting me see 😊 |
| **Victim 1:** | It was very awkward though it go to talking to showing stuff. |
| **CASH:** | If it went on.. you would have started to hear moans from me 😳 |

---

³ Based on my training, experience, and life experience, I know that the word "sus" means suspicious, untrustworthy, or dishonest.  It can also be used if someone says something scandalous or vaguely sexual.  Here, I believe CASH was calling himself something akin to "sexual and sketchy."

9

> **CASH:** Sorry.. but watching you.. do that to yourself... would have made me do it as well 😅
>
> **CASH:** You being embarrassed when doing that stuff.. it's cute
>
> **CASH:** And to be honest.. it made me 😖😳😖
>
> **Victim 1:** It made you what?
>
> **CASH:** Very... horny.
>
> **CASH:** Did u.. umm.. want to do it agin... somtime?.. I never got to see the last part
>
> **Victim 1:** I forgot the last part though. Oh yeah I remember. Was it I had to play with myself on video chat?
>
> **CASH:** Yup
>
> **CASH:** I should go..I'm super... umm.. horny rn 😭. I don't want to end up asking u for stuff agin.again.. I.. would show u... me doing it... after... if u want 😳😳😳😳😳

    c.    On September 9, 2022, CASH and Victim 1 had the following exchange, in substance and in part:

> **CASH:** Can I see?
>
> **Victim 1:** See what?
>
> **CASH:** You, all of you. No clothes. I want to see what you look like down there when your horny.... I want to see you.. play with yourself.
>
> **CASH:** I'll help you
>
> **CASH:** I have seen u naked.. I have seen down there... I just need to see u.. play with it 😊

10

    d. On September 9, 2022, CASH and Victim 1 had the following exchange, in substance and in part:

| | |
|---|---|
| **CASH:** | Yes, as long as I'm not physically touching you. |
| **CASH:** | Then u can think about me doing stuff to u.. |
| **CASH:** | My mouth kissing your thighs |
| **CASH:** | Working it's way up |
| **CASH:** | Until I find.. a special spot |
| **CASH:** | I want to taste you |
| **CASH:** | I want to put my 👅 inside of you.. |

 e. Based on my review of a copy of Victim 1's birth certificate and understanding of what occurred during the forensic interview of Victim 1, I know Victim 1 was 12 years old when CASH wrote the above words to Victim 1.

 18. If the sexual activity CASH referenced above had occurred, CASH's conduct would have violated the laws of the United States.  The conduct would have also violated the laws of California, where CASH was located at the time of the offense conduct, and the laws of Indiana, where Victim 1 was located at the time of CASH's offense conduct.

    a. Specifically, under California Penal Code § 288a, it is illegal for someone 21 years or older to engage in oral copulation with anyone under 16 years of age.  It is also illegal under California Penal Code § 288 to commit lewd and lascivious acts with a child under 14 years of age.  A "lewd"

11

act can be touching a child for sexual purposes or causing a child to touch herself.

    b.   Indiana law makes it illegal to engage in any sex act with a child under the age of 14. <u>See</u> Ind. Code Ann. § 35-42-4-3. An adult who tries to lure a child into engaging in sexual contact can be convicted of child solicitation, even if no sexual contact ever takes place. Ind. Code Ann. § 35-42-4-6.

## VI. <u>CONCLUSION</u>

19. For all of the reasons described above, there is probable cause to believe that JONATHAN MICHAEL CASH has committed the SUBJECT OFFENSE.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this <u>12th</u> day of
<u>  July  </u>, 2023.

_____
*Alicia G. Rosenberg*
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><div align="right">PLAINTIFF,</div><br>v.<br>JONATHAN MICHAEL CASH,<br><div align="right">DEFENDANT(S)</div> | **WARRANT FOR ARREST**<br><br>ON COMPLAINT<br><br>CASE NO.: 2:23-mj-03490 |

To:   UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

**YOU ARE HEREBY COMMANDED** to arrest **JONATHAN MICHAEL CASH** and bring him forthwith to the nearest Magistrate Judge to answer a complaint charging him with Using a Means of Interstate Commerce to Persuade, Induce, Entice, or Coerce a Minor to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b).

REC: BY AUSA Sara Vargas   [Detention]

| | |
|---|---|
| July 12, 2023 12:18 p.m.<br>Date | ALICIA G. ROSENBERG<br>Name of Magistrate Judge<br><br>*alicia G. Rosenberg*<br>Signature of Magistrate Judge |

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at (location): | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

**DESCRIPTIVE INFORMATION FOR DEFENDANT CONTAINED ON PAGE TWO**